

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: _10/22/2024_         │
└─────────────────────────────────┘
```

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

BRYAN CARR OLERT
*Assistant Corporation Counsel*
Telephone: (212) 356-2203
E-mail: bolert@law.nyc.gov

July 15, 2024

<u>Via ECF</u>
Hon. ~~Jennifer H. Rearden~~  Robert W. Lehrburger
United States ~~District Judge~~ Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

      Re:  *Marie Campbell et al. v. City of New York*
         1:24-cv-02575-JHR

     Lehrburger

Dear Judge ~~Rearden~~:

     The parties write jointly pursuant to Paragraph 5.I of Your Honor's Individual

Rules and Practices to request a stay of this proceeding pending the Court's issuance of a decision

on Defendant's Motion to Consolidate in *Calliste et al. v. City of New York*, 24-cv-04016-JHR,

ECF Dkt. 15, a second-filed action with substantially similar claims. Given that a stay will delay

the issuance of notice to potential members of Plaintiffs' proposed collective, the parties also

jointly request that the Court toll the claims of potential collective members from the filing of this

request on July 15, 2024, pending its decision regarding consolidation.

**A.  The Court Should Issue a Stay.**

     The Court should stay *Campbell* pending the outcome of Defendant's Motion to

Consolidate *Calliste* with *Campbell*. *See Calliste*, ECF Dkt. 15. When deciding whether to grant a

stay, courts consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Diatek Licensing LLC v. Estrella Media, Inc.*, No. 22-cv-3508 (LJL), 2022 U.S. Dist. LEXIS 181724, at * 2-3 (S.D.N.Y. Oct. 4, 2022) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

First, a stay will not prejudice Plaintiffs who have already opted into this action because the filing of a written FLSA consent form tolls the statute of limitations for each individual Plaintiff. *See Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181 (ER), 2017 U.S. Dist. LEXIS 89404, at *12 (S.D.N.Y. June 9, 2017) ("[T]he statute of limitations period continues to run with respect to each opt-in plaintiff's collective action claim until that plaintiff files a written consent form."); *Cooke v. Frank Brunckhorst Co., LLC*, 2024 U.S. Dist. LEXIS 51644, at *26 (E.D.N.Y. Mar. 22, 2024) (citation omitted) ("For an FLSA action, the statute of limitations applicable to a plaintiff's claim continues to run until he or she has filed a written consent with the court to join the lawsuit."). Further, the Court's grant of equitable tolling pending the proposed stay will prevent prejudice to potential plaintiffs who have not consented to opt into this action. *See infra* Point B. Thus, Plaintiffs' potential entitlement to recovery will not be prejudiced by a stay of this action.

Second, Defendant should not bear the burden of unnecessary litigation costs by proceeding with settlement or discovery in *Campbell* prior to the Court's issuance of a decision regarding consolidation in *Calliste*. Such a piecemeal approach to settlement or litigation is an inefficient use of time and would likely impose additional costs on Defendant, including by requiring Defendant to unnecessarily engage the services of its FLSA damages expert multiple times. *See Readick v. Avis Budget Group, Inc.*, No. 12 Civ. 3988 (PGG), 2014 U.S. Dist. LEXIS

2

58784, at *5 (S.D.N.Y. Apr. 25, 2014) (finding that the defendant would be prejudiced by continued litigation of the action where failure to grant a stay would result in "potentially duplicative and costly discovery"); *Consumer Fin. Prot. Bureau v. Credit Acceptance Corp.*, No. 23 Civ. 00038 (JHR), 2023 U.S. Dist. LEXIS 137992, at *7 (S.D.N.Y. Aug. 7, 2023) (citations omitted) (granting the defendant's motion to stay and noting that the stay "may help [the defendant] avoid unnecessary litigation costs"); *Perez v. Due Milla Realty Grp. LLC*, No. 1:19-cv-05794 (JPC), 2022 U.S. Dist. LEXIS 242330, at * 5 (S.D.N.Y. Apr. 1, 2022) (granting the defendants' motion for a stay because "in the absence of a stay, [the defendants] will be subject to undue prejudice and harm by being forced to expend time, effort, and costs litigating"). It is in Defendant's interest to resolve this litigation in one fell swoop, rather than to proceed with piecemeal settlement or litigation in two separate cases.

Third, the Court should stay the instant matter in the interest of judicial efficiency. "In order to promote judicial economy, if competing cases are filed in two federal courts, 'the general principle is to avoid duplicative litigation.'" *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)); *see Friarton Estates Corp. v. City of N.Y.*, 681 F.2d 150, 160 (2d Cir. 1982) (remarking that a court may properly stay an action pending resolution of separate proceedings that are relevant to the case at issue, if the court finds a stay to be efficient for its own docket and to be the fairest course for the parties). These principles apply "even where the parties may differ and the cases are within the same district." *See Diatek*, 2022 U.S. Dist. LEXIS 181724, at *5.

Fourth, staying *Campbell* will serve the interests of nonparties, namely the *Calliste* Plaintiffs. Given the significant overlap between the claims in each case, the resolution of claims

in *Campbell* may result in claim preclusion in *Calliste*. *See Nelson v. G.Skill USA, Inc.*, 2023 U.S. Dist. LEXIS 80172, at *17 (W.D.N.Y. May 8, 2023) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)) ("The resolution of these overlapping claims will require similar proof and legal analysis, making claim preclusion likely."). A stay will also prevent confusion to potential collective members that may arise should these cases proceed separately.

Fifth, "considerations of judicial economy are frequently viewed as relevant to the public interest [and] weigh against the investment of court resources that may prove to have been unnecessary." *Readick*, 2014 U.S. Dist. LEXIS 58784, at *15. As noted above, a stay of this action would further interests of judicial economy.

Accordingly, the parties jointly request that the Court stay this action pending the Court's issuance of a decision on consolidation.

## B. The Court Should Toll Claims of Potential Collective Members.

When granting the requested stay, the Court should equitably toll the claims of potential collective members to avoid prejudice. Courts may "grant equitable tolling, allowing for the statute of limitations on potential claims to be stayed while certain aspects of the litigation are pending." *See Chengxue Sun v. New G Nails & Spa, Inc.*, No. 22-CV-5523 (NRM) (ST), 2023 U.S. Dist. LEXIS 150449, at *15 (E.D.N.Y. Aug. 25, 2023) (citing *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)) (granting the plaintiff's motion for equitable tolling in a FLSA collective action). In deciding whether to apply equitable tolling, "a district court must consider whether the person[s] seeking application of the equitable tolling doctrine (1) ha[ve] acted with reasonable diligence during the time period [they] seek[] to have tolled, and (2) ha[ve] proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* (quoting *Zerilli-Edelglass*, 333 F.3d at 80-81).

4

First, Plaintiffs have acted with reasonable diligence in pursuing their claims, given that they filed their Motion to Certify a Collective, *see* DCF Dkts. 35-37, before Defendant has even answered the Complaint. Plaintiffs have not sought extensions or otherwise delayed these proceedings. Plaintiffs' diligence in pursuing their claims is further exemplified by this joint request that the Court grant equitable tolling contemporaneous with their joint request for a stay.

Second, extraordinary circumstances warrant the application of equitable tolling. "A delay 'caused by the time required to rule on a motion, such as one for certification of a collective in a FLSA case, may be deemed an "extraordinary circumstance" justifying the application of the equitable tolling doctrine.'" *Chengxue Sun*, 2023 U.S. Dist. LEXIS 150449, at *16 (quoting *Yahraes v. Rest. Assocs. Events Corp. et. al.*, No. 10-CV-935, 2011 U.S. Dist. LEXIS 23115, at *2 (E.D.N.Y. Mar. 8, 2011)); *see Xing Ye v. 2953 Broadway, Inc.*, No. 18-CV-04941, 2020 U.S. Dist. LEXIS 97866, at *11 (S.D.N.Y. June 3, 2020) (quoting *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 U.S. Dist. LEXIS 132777, at *10 (S.D.N.Y. Sept. 16, 2013)) (granting equitable tolling of FLSA claims and noting that "courts have held that 'the period of pendency of a motion for collective action certification can serve as an extraordinary circumstance justifying application of the equitable tolling doctrine'"). Here, the expected regular delay in issuing a decision regarding Plaintiffs' Motion to Certify a Collective is compounded by the parties' joint request that these proceedings be stayed, a request that is the result of the subsequent filing of a substantially-similar action in this same Court, itself an extraordinary circumstance.

Accordingly, the parties jointly request that the Court exercise its authority to equitably toll the claims of potential collective members from the filing of this letter on July 15, 2024, pending the requested stay. During the equitable tolling period, neither party would attempt to engage in discovery or motion practice. Defendant's time to answer or to file a response to the

motion for a collective action would be stayed. But during the tolling period additional members of the proposed collective could file consents to join and, if *Calliste* plaintiffs agree to consolidate the cases, the parties would so notify the Court.

The parties thank the Court for its consideration of these requests.

Respectfully submitted,

/s/
Matthew Berman
Attorney for Plaintiffs

/s/
Bryan Carr Olert
Assistant Corporation Counsel

cc:    All parties via ECF

The joint request is granted.  The case is stayed, nunc pro tunc, pending resolution of the motion to consolidate filed in *Calliste v. City of New York*, 24-CV-4016. Additionally, the claims of potential collective members are tolled for the same period.  The stay and tolling period will automatically lift when the Court enters an order on the motion to consolidate in *Calliste*.

SO ORDERED:

10/22/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE