```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__11/13/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAMOL CALLISTE, et al.,                          :
                                                 :
                        Plaintiffs,              :
                                                 :        24-CV-4016 (JHR) (RWL)
        - against -                              :
                                                 :        **ORDER**
CITY OF NEW YORK,                                :
                                                 :
                        Defendant.               :
------------------------------------------------------------X
MARY CAMPBEL, et al.,                            :
                                                 :        24-CV-2575 (JHR) (RWL)
                        Plaintiffs,              :
                                                 :
        - against -                              :
                                                 :
CITY OF NEW YORK                                 :
                                                 :
                        Defendant.               :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

In this wage-and-hour case, Defendant City of New York moves to consolidate the instant case with another wage-and-hour case, *Campbell v. City of New York*, 24-CV-2575.[1]  The plaintiffs oppose and cross-move for referral to mediation and a stay of 60 days.  For the reasons that follow, Defendant's motion will be granted insofar as the cases

_____

[1] According to counsel for Defendant, the City of New York is not a proper party in either suit; rather, the proper defendant is City University of New York.  That issue will be addressed separately through amendment of the pleadings or other process.  (*See* Dkt. 15 at 3 n.2; Dkt. 16 at 1 n.1.)

1

will be consolidated for discovery and without prejudice to a future application to consolidate for purposes of trial; and the *Calliste* plaintiffs' cross-motion will be denied.

## Background

The *Calliste* case was filed as a collective action on May 24, 2024. The 17 plaintiffs are current and former employees who work or have worked in the position of Peace Officer, Sergeant, Corporal, Security Assistant, and Security Specialist for the Public Safety Department ("PSD") of the City University of New York ("CUNY"). (Dkt. 1 ("Compl.") ¶ 1.) They assert claims for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"). More specifically, plaintiffs claim they were not paid for work before their paid shifts, after their paid shifts, or during meal periods, and also that the Defendant did not include various "differential payments" (i.e., "night shift differential," "firearms differential," and "fire safety differential") in calculating the regular rate of pay for purposes of determining amounts due for overtime. (*Id.* ¶ 2.)

On April 4, 2024, less than two months before *Calliste* was filed, the *Campbell* case was filed. That case is a putative collection action brought on behalf of current and former employees who work or have worked for CUNY in the position of Peace Officer, Sergeant, Corporal, Security Assistant, and Security Specialist – the same positions as are at issue in *Calliste*. (*Campbell* Compl. ¶¶ 2, 4, 6.[2]) The plaintiffs in *Campbell* seek certification of two collectives, a Non-Supervisory Collective composed of Peace Officers, Security Assistants, and Security Specialists, and a Supervisory Collective composed of Corporals and Sergeants. (*Id.* ¶¶ 6-7.) As in *Calliste*, the *Campbell* plaintiffs assert claims

---

[2] "*Campbell* Compl." refers to the complaint filed in *Campbell v. City of New York*, 24-CV-2575 at Dkt. 1.

for unpaid overtime in violation of the FLSA; specifically, that the plaintiffs were not paid for work performed before and after their shifts or during meal times, and that Defendant did not include "differential payments" (i.e., "shift differential," "arms differential," and "fire safety differential") in calculating the regular rate of pay for purposes of determining amounts due for overtime.  (*Id*. ¶¶ 3-5.)

The two cases have some differences.  For instance, the *Campbell* plaintiffs seek a court-approved notice of the action to all collective members notifying them of their right to join the lawsuit.  (*Id.* at 23 ¶ B.)  The *Calliste* plaintiffs do not seek such notice.  (*See Compl.* at 15-16.)  The plaintiffs in *Calliste* bring the action as a single collective, whereas the plaintiffs in *Campbell* seek certification of two collectives.  As to the substantive claims, the only difference evident from the complaints is that *Campbell* advances a claim for failure to pay off-the-clock work (i.e., pre-shift, post-shift, and meal time) on behalf of only Corporals and Sergeants, while *Calliste* does so on behalf of all officer positions.  Plaintiff's counsel in the two cases are not the same.

On June 12, 2024, Defendant filed a letter motion to consolidate *Calliste* with *Campbell*.  (Dkt. 15.)  Defendant represents that the *Campbell* plaintiffs are amenable to consolidation (*id.* at 1 n.1), and counsel for the *Campbell* plaintiffs has so confirmed.  The *Calliste* plaintiffs oppose consolidation and move instead for a stay of 60 days and referral of *Calliste* to mediation.  (Dkt. 16.)  The parties filed additional letter briefs in reply.  (Dkts. 19, 21.)  The motions have been referred to me.  (Dkt. 26.)  Oral argument took place on November 12, 2024.

**Legal Standards**

The Federal Rules of Civil Procedure permit the court to consolidate actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). The burden to show that consolidation is appropriate falls on the moving party. *Kamden-Ouaffo v. Pepsico, Inc.,* 314 F.R.D. 130, 136 (S.D.N.Y. 2016). Whether to consolidate is ultimately left to the sound discretion of the court, guided by considerations of "convenience, judicial economy, and cost reduction while insuring that the 'paramount concern for fairness and an impartial trial' is honored," *Naula v. Rite Aid*, No. 08-CV-11364, 2010 WL 2399364, at *4 (S.D.N.Y. March 23, 2010) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)), and guarding against delay and prejudice, *CCR International, Inc. v. Elias Group, LLC*, No. 14-CV-6583, 2018 WL 3135849, at *3 (S.D.N.Y. June 26, 2018). *See also Stevens v. Hanke*, No. 20-CV-4765, 2022 WL 489054, at *2 (S.D.N.Y Feb. 17, 2022) ("Consolidation is warranted where it promotes judicial economy and serves to eliminate the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts") (internal quotation marks and citations omitted); *Marcaurel v. USA Waste-Management Resources*, LLC, No. 21-CV-6199, 2021 WL 4940977, at *1 (S.D.N.Y. Sept. 3, 2021) ("Rule 42 is 'invoked to expedite trial and eliminate unnecessary repetition and confusion,' and it vests a district court with broad discretion to consolidate actions, even to do so sua sponte") (internal citation omitted) (quoting *Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

**Discussion**

The two cases should be consolidated for discovery purposes. More than sharing *a* common question of law or fact, they share multiple central questions of law and fact.

They both assert FLSA claims against CUNY on behalf of the same employee positions. They both implicate the same fundamental claims: failure to pay for pre-shift, post-shift, and meal time spent working, and to pay overtime based on a regular rate of pay that factors in differential payments. They both seek damages based on those alleged transgressions and corresponding liquidated damages.

Such fundamental common questions counsel toward consolidation. To proceed separately would contribute to "the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts." *Stevens*, 2022 WL 489054, at *2. Courts often consolidate overlapping FLSA actions. *See, e.g.*, *Burns v. County of Nassau*, 337 F. Supp.3d 210, 214, 216 (E.D.N.Y. Oct. 9, 2018) (consolidating overlapping FLSA actions even though no plaintiffs from second-filed action opted in to second-fled collective action; plaintiffs from second action were not seeking to represent any additional individuals other than those who have already opted in; and plaintiffs in first action were not seeking to represent plaintiffs in second action); *Naula*, 2010 WL 2399364, at *1-4 (consolidating overlapping wage-and-hour cases despite differences, including that in second-filed case, plaintiff asserted claims under both FLSA and New York State Labor Law ("NYSL"), asserted individual claims for discrimination and retaliation, and represented only one employee position, whereas the other case asserted claims only under NYSL, did not include claims for discrimination and retaliation, and included plaintiffs representing both types of employees); *Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07-CV-3956, 2009 WL 3150320, at *7 (E.D.N.Y. Sept. 28, 2009) (consolidating overlapping FLSA class action with separate action with twelve plaintiffs

despite differences in some claims and procedural posture).

The similarity and overlap of the *Calliste* and *Campbell* cases warrant consolidation. Doing so will be efficient, avoid duplication, save judicial resources, and potentially avoid inconsistent judgments. Even the *Calliste* plaintiffs recognize that consolidation may make sense, although, from their perspective, at a later time. (Dkt. 21 at 1 ("consolidation is not appropriate here, ***at least not until*** the parties have first made an effort to settle the Calliste case") (emphasis added); *see also id* at 4 ("Allowing the cases to proceed separately, ***at least initially***,….") (emphasis added).)

That is not to say there are factors weighing against consolidation at this time. There are, although they are not so weighty as the *Calliste* plaintiffs assert. For instance, the *Calliste* plaintiffs emphasize the one difference in the parties' substantive claims; i.e., that *Campbell*'s claim for off-the-clock time is asserted on behalf of only Corporals and Sergeants, while *Calliste* includes all officer positions. But that difference in the substantive claims is outweighed by what those the cases have in common – off-the-clock work for Corporals and Sergeants, and failure to account for differentials in overtime pay for all positions. The cases will involve much of the same discovery (both documents and witnesses) and proof at trial. Indeed, the substantive claims of *Campbell* and the positions on whose behalf the claims are asserted fall fully within those of *Calliste*. The Court does not believe that the difference underscored by the *Calliste* plaintiffs will cause confusion or undue delay or expense. *See Varghese v. JP Morgan Chase & Co.*, No. 14-CV-1718, 15-CV-3023, 2016 WL 4718413, at *4 (S.D.N.Y. Sept. 9, 2016) (consolidating FLSA cases, noting that consolidation does not require exact identify of issues and fact between matters, and finding that "the trivial differences cited by Defendants are dwarfed by the

similarities in the two actions").

The *Calliste* plaintiffs also argue that foregoing consolidation at this time and instead staying their case and referring it to mediation will facilitate the opportunity for early resolution between the *Calliste* plaintiffs and Defendant.  That is a laudable goal, but nothing prevents the parties form discussing settlement if the cases are consolidated for discovery.

Perhaps the strongest factor weighing against consolidation is the burden that consolidation would impose on the *Calliste* plaintiffs.  Although both actions have been filed as collective actions, the *Calliste* plaintiffs do not seek either conditional certification or a notice procedure soliciting other plaintiffs to join.  The *Campbell* action entails both. Consolidation therefore could cause the *Calliste* plaintiffs to incur delay and expense they sought to avoid.  Relatedly, consolidation would require the two sets of plaintiffs' lawyers to work together, even though they have different strategic preferences as discussed above.  Consolidating only for purposes of discovery, however, will mitigate, although not eliminate, that concern.

On balance, considering convenience, judicial economy, fairness, prejudice, delay, and all other relevant factors, the Court finds that consolidation is warranted, although limited to the discovery phase at this juncture.  Accordingly:

1. Defendant's motion to consolidate the two cases is GRANTED for purposes of discovery without prejudice to a later application to consolidate for all remaining purposes.

2.  The *Calliste* plaintiffs' motion to stay is DENIED.

3.  The parties shall meet and confer and jointly file a proposed case management plan and scheduling order by December 2, 2024.

4.    The Court will entertain a request for referral to mediation if there is mutual willingness to participate by the Defendant on one hand and, on the other, the *Calliste* plaintiffs and/or the *Campbell* plaintiffs.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2024
          New York, New York

Copies transmitted to all counsel of record.